# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA HYLAND, | ) |
| | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT AND** |
| | ) **DEMAND** |
| | ) **FOR JURY TRIAL** |
| Crown Asset Management, LLC, | ) |
| and | ) |
| Rausch, Sturm, Israel, Emerson & | ) |
| Hornick, LLP, d/b/a | ) |
| RAUSCH STURM, | ) |
| | ) |
| Defendants. | ) |

COMES NOW the Plaintiff Amanda Hyland, by and through her attorneys Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action for the Defendants' violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 *et seq*., and the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601 *et seq*. (hereinafter referred to as the "NCPA") In support of her claims, Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §1331 and §1337, and jurisdiction over the supplemental state claim arises pursuant to 28 U.S.C §1367.

1

2. Venue is proper in this Court because the claim on which this suit is based happened in this Judicial District.

3. Plaintiff is a resident of Bellevue, Sarpy County, Nebraska.

4. Defendant CROWN ASSET MANAGEMENT, LLC, (hereinafter referred to as "Crown") is a debt collector collecting debts in this state and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

5. That Defendant Raush, Sturm, Israel, Emerson & Hornik, LLP d/b/a RAUSCH STURM, describes itself as "attorneys in the practice of debt collection" and is a debt collector collecting debts in this state for others and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

6. Defendants contributed to, or participated in, authorized, and/or implemented the policies and procedures regarding the acts complained of which caused injuries to the Plaintiff. Each Defendant acted as principal and agent of the other and combined and concurred with each other in committing the acts complained of herein.

7.  At all times relevant hereto, Defendants were the agent, and representative of the other, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## FACTUAL BACKGROUND

8. Defendants were attempting to collect on a credit account alleged to be in default by the Plaintiff for personal, family, or household purposes.

9. On or about January 9, 2020, Defendants filed a county court lawsuit in the County Court of Sarpy County, Nebraska, entitled, *Crown Asset Management, LLC v. Amanda Hyland*, at Case No. CI20-111 attempting to collect an account originating from First National Bank of Omaha, for personal, family or household purposes. Attached hereto As Exhibit "A" and incorporated herein by this reference is a copy of said county court lawsuit.

10. The caption of Exhibit "A" states that Crown Asset Management is the "assignee of First National Bank of Omaha (First National Bank)" the creditor, whereas paragraph 1 identifies Crown as "purchaser of the account forming the basis of this suit."

11. The Complaint <u>Exhibit "A"</u> alleges Crown is owner of the alleged account, but with no proof of ownership. Therefore, it has not established it has standing to pursue the county court collection lawsuit against Ms. Hyland.

12. Crown's collection complaint (<u>Exhibit A</u>) is also confusing under the unsophisticated consumer standard because it does not state whether the alleged contract is oral or written, and if written, the county court complaint fails to attach a copy of said written contract, nor does it identify the charges constituting the amount sought in the lawsuit. Moreover, any contract is ostensibly outside the statute of limitations as the complaint does not state the date of the last payment.

13. That Defendant Rausch Sturm does not indicate its full and true business name on its complaint.

14. Upon receiving Defendants' collection complaint, <u>Exhibit "A"</u> Amanda Hyland did not know who owned the account, whether the lawsuit was for an account stated or for a contract, whether the contract it was oral or written, the dates of the charges, payments made, and the relationship between Crown and herself, if any. She also did not know the true name of Rausch Sturm.

15. This disputed debt was incurred primarily for personal, family, or household purposes.

16. Amanda Hyland was confused and misled by the collection complaint and hired a lawyer to find out the details and learn what this suit was about.

17. On or about May 11, 2020, Amanda Hyland filed a Motion to Dismiss in the county court collection lawsuit. (Exhibit "B.") That Motion stated that the county court collection complaint was defective because:

> 1....Plaintiff's [Crown's] relationship to the original creditor is unclear. In the caption, Plaintiff [Crown's] it is designated as "assignee" and in another, the Complaint alleges Plaintiff [Crown's] is owner, with no proof of ownership of this account...
>
> 2. Plaintiff [Crown's] alleges an "account" but fails to establish whether it is a contract or account which was allegedly assigned or purchased, whether any alleged contract neither was oral or written, the terms of the contract nor attached a copy of said contract, which is alleged to be in "default."
>
> 3. Plaintiff [Crown's] alleges that Defendant failed to make payments but does not provide any information as to when the last payment if any was made, or what payments defendant failed to make, or the terms of said "account."
>
> 4. Defendant cannot tell if Plaintiff [Crown's] is suing on a "contract" or an "account stated" or the terms thereof.

18. The court hearing on Ms. Hyland's motion was set for June 30, 2020. On the day of the hearing, Crown filed its own Motion to Dismiss without prejudice and the County Court entered the Order dismissing the case on Crown's Motion without prejudice. (Attached as Exhibits C and D) are true and correct copies of the Motion and Order.

19. Subsequently, despite having the deficiencies in the county court Complaint pointed out, Defendants filed an identical county court collection

complaint in the County Court of Sarpy County, NE, at CI20-310. Attached hereto as Exhibit "E" is a true and correct copy of the second county court complaint. The second complaint did not remedy any of the items specifically pointed out in Hyland's previous Motion to Dismiss.

20. Ms. Hyland was confused by the second collection lawsuit.( Exhibit E.) The county court complaint is misleading and a material violation of the FDCPA which establishes standing to maintain this case. *Tourgeman v. Collins Fin. Serves., Inc*., 755 F.3d 1109 (9th Cir. 2014).  Ms. Hyland also has actual damages for hiring an attorney to defend the collection lawsuit.

21.  Defendants' county court collection complaints (Exhibits A & E) create a sufficient risk of ham as contemplated by the FDCPA to establish a concrete injury- in- fact for Ms. Hyland as articulated in *Spokeo, Inc. v. Robins*,  136 S.Ct. 540, 1549 (2016).

## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and incorporates all previous allegations herein, and for her Cause of Action against the Defendants, state and allege as follows:

22.   Plaintiff is natural person and a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a)(3).

23. Defendant Crown Asset Management LLC is a collection agency engaged in the business of collecting debts and regularly attempts to collect debts

alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

24. Defendant Raush, Sturm, Israel, Emerson & Hornik, LLP d/b/a RAUSCH STURM is a law firm in the practice of debt collection and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

25. At all times relevant hereto, the Defendants were attempting to collect a First National Bank of Omaha account, alleged in default used for personal, family or household purposes.

26. Defendants' county court collection complaint in the form of <u>Exhibit A</u> violates 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(10), § 1692f and § 1692f (1).

27. As a direct and proximate result of these acts, Plaintiff suffered damages.

WHEREFORE, Plaintiff pray for a judgment against Defendants for statutory damages, general damages, actual damages and statutory attorney's fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

## CAUSE OF ACTION NO. 2
## NEBRASKA CONSUMER PROTECTION ACT

Plaintiff repeats and incorporates the foregoing allegations above as if fully set forth herein.

28. These acts and omissions also constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 *et seq*. and entitle Plaintiff to statutory and actual damages, injunctive relief, attorney's fees and costs.

29. Bringing this case is in the public interest to stop debt collectors from using deceptive means in attempting to collect debts, to decrease the risk and putting them in positions where they are unable to make informed decisions on how to respond to communications from debt collectors. See *Tourgeman,* 755 F.3d at 1121.

30. It is also in the public interest "by ensuring that consumers are fully and truthfully apprised of the facts and of her rights, the FDCPA enables them `to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.'" *Clark v. Capital Credit & Collection Serv., Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

WHEREFORE, Plaintiff requests that a judgment be entered in her favor against Defendants as follows:

A. Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;
B. Awarding actual damages to the Plaintiff;
C. Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 *et seq*.; and
D. Enter such additional relief as the Court may find to be just and proper.

Dated: September 21, 2020

Amanda Hyland, Plaintiff,


By: */s/ Pamela A. Car*
Pamela A. Car, #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., L.L.O.
2120 South 72nd St., Suite 1125
Omaha, NE 68124
(402) 391-8484 Telephone
(402) 391-1103 Facsimile
E-mail: pacar@cox.net
Attorneys for the Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in Omaha, Nebraska.

By: */s/Pamela A. Car*

9