IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA HYLAND, § § Plaintiff § § vs. § § CROWN ASSET MANAGEMENT § LLC and RAUSCH, STURM, § ISRAEL, ENERSON & HORNIK, LLP § d/b/a RAUSCH STURM, § § Defendants § | Case No. 8:20-cv-00380-SMB |

DEFENDANTS' ORIGINAL ANSWER DATE

TO THE JONORALE UNITED STATES DISTRICT COURT:

Defendants Crown Asset Management, LLC and Rausch, Sturm, Israel, Enerson & Hornik, LLP hereby answer Plaintiff's Complaint and would respectfully show the following:

JURISDICTION AND PARTIES

1. Paragraph 1 of the Complaint is denied. Defendants assert that Plaintiff lacks a concrete, particularized, injury-in-fact that would give rise to Article III standing. As a result, the Court lacks Article III jurisdiction.

2. In response to Paragraph 2 of the Complaint Defendant states that venue is not contested.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is denied.

5. In response to Paragraph 5 of the Complaint Defendants admit

1

that Rausch Sturm is a law firm and that in some instances it is a debt collector as defined in the FDCPA. In the specific context of this case, at his time Defendants are without knowledge r information sufficient to form a belief as to the remaining allegations of Paragraph 5; therefore, they are denied.

6. Defendants deny Paragraph 6 of the Complaint.

7. Defendants deny Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8. In response to Paragraph 8 of the Complaint Defendants admit that they sued Plaintiff to collect on a defaulted credit account. At this time Defendants lack knowledge or information sufficient to form a belief as to the remainder of Paragraph 8.

9. Paragraph 9 of the Complaint is admitted.

10. Paragraph 10 of the Complaint is admitted. Crown is both the purchaser and the assignee to Plaintiff's account.

11. In response to Paragraph 11 of the Complaint Defendants admit that <u>Exhibit "A"</u> alleges Crown is owner of the alleged debt, and Defendants assert that such allegation is true. Defendants deny that there was any duty under the FDCPA for <u>Exhibit "A"</u> to contain proof of ownership, and they deny that a state court collection complaint is required to establish on its face Crown's chain of title. The standing to which Plaintiff refers is something the lack of which is an affirmative defense that is waived if not affirmatively raised.

12. Defendants deny Paragraph 12 of the Complaint. Crown's

collection complaint identifies the issuer and account at issue. That was sufficient to put Plaintiff on notice of the specific account, the nature and billing history of which was known to her. Defendants further assert that there was no duty to plead, identify, or even prove the underlying specific charges *See, e.g., Am. Express Travel Related Servs. v. Silverman*, 2006-Ohio-6374 (Ct. App.).  Moreover, Defendants deny that there was any duty to state the statute of limitations or the date of the last payment, as it was Plaintiff's duty to raise any such affirmative defense, not Defendant's duty to negate it in advance. Furthermore, Defendants assert that Paragraphs 11 and 12 are complete nonsense, as First National Bank of Omaha provided Plaintiff with notice of the assignment of her account to Crown and in that notice stated the date of last payment. See <u>Exhibit A</u> to this Answer.

13. Paragraph 13 of the Complaint is denied, as Rausch Sturm is the registered assumed name for Rausch, Sturm, Israel, Enerson & Hornik, LLP, and is therefore a "true name".

14. Paragraph 14 of the Complaint is denied. See <u>Exhibit B</u> (Correspondence to Plaintiff from Rausch Sturm dated November 15, 2019 which, *inter* alia, provided the firm's full name, the chain of title, and proof of the debt).

15. This disputed debt was incurred primarily for personal, family, or household purposes.

16. Paragraph 16 of the Complaint is denied.

17. In response to Paragraph 17 of the Complaint Defendants admit

that Hyland made the referenced motion. Defendants deny that the motion had merit, and they assert that none of the matters complained of in the motion is a violation of the FDCPA.

18. Paragraph 18 of the Complaint is admitted.

19. In response to Paragraph 19 of the Complaint Defendants admit that the collection suit was refiled and that <u>Exhibit "E"</u> to the Complaint is a true and correct copy of the second county court complaint. The remainder of Paragraph 19 is denied.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

<u>FAIR DEBT COLLECTION PRACTICES ACT</u>

Defendants incorporate all previous responses and defenses set forth above.

22. Defendants admit that Plaintiff is natural person. At this time Defendants lack knowledge or information sufficient to form a belief as to the remainder of Paragraph 22.

23. Paragraph 23 of the Complaint is denied.

24. In response to Paragraph 24 of the Complaint Defendants admit that Rausch, Sturm, Israel, Emerson & Hornik, LLP d/b/a RAUSCH STURM is a law firm that engages in debt collection in the course of representing its clients and that some of the debts it collects are consumer debts. In the specific context of this case, at this time Defendants lack knowledge or information sufficient to form a belief as to the remainder of Paragraph 24.

25. In response to Paragraph 25 of the Complaint Defendants admit that the state court suit against Plaintiff was an effort to recover a judgment against Plaintiff in connection with her defaulted First National Bank of Omaha account. In the specific context of this case, at this time Defendants lack knowledge or information sufficient to form a belief as to the remainder of Paragraph 25.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief following Paragraph 27 of the Complaint.

## CAUSE OF ACTION NO. 2
## NEBRASKA CONSUMER PROTECTION ACT

Defendants incorporate all previous responses and defenses set forth above.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

31. Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief following Paragraph 30 of the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Plaintiff lacks Article III standing because she has not suffered a particularized, concrete, injury-in-fact.

2. As a result of Plaintiff's lack of Article III standing the Court lacks Article III jurisdiction.

3. Defendants dent that they engaged in "trade" and "commerce" as defined in Neb. Rev. Stat. Ann § 59-1601.

4. Defendant Crown asserts the defenses of setoff and recoupment and assert that any recovery on Plaintiff's claims must be set off against her debt to Crown.

5. Plaintiff's failure to mitigate her alleged damages if any, us a defense to such claims for damages.

6. Plaintiff's state and federal law claims are barred by the Petition Clause of the First Amendment to the Constitution, U.S. Const. Amend. 1, and the *Noerr-Pennington* doctrine.

7. Defendants assert the defense of litigation immunity and further assert that the contents of their state court pleadings were absolutely privileged.

8. Defendants assert that procedural flaws or defects in a state court pleading cannot serve as the basis of an FDCPA suit. *See, e.g., Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007).

9. Defendants deny that Plaintiff is entitled to or should recover statutory damages in any amount. *Jerman v. Carlisle,* No. 1:06-cv-1397, 2011 U.S. Dist. LEXIS 40771, 2011 WL 1434679 (N.D. Oh. 2011).

10. Defendants assert that an award of statutory damages in the absence of actual damages would be a denial of their right due process under the Constitution of the United States of America. *State Farm Mut. Auto. Ins. Co.*

*v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

11. Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

## ATTORNEY'S FEES

12. The FDCPA allows for a recovery of fees reasonable in relation to the work expended and costs for the defense of a suit that has been brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). Such a claim is not properly brought by counterclaim; instead, it is to be the subject of a post-trial motion.

13. Defendants hereby give notice of their intent to seek such fees and costs. As evidenced by Exhibits A and B to this answer, prior to suing Plaintiff, Defendants provided to her the information that she claims in her complaint not to have known. Plaintiff knew exactly which account was at issue in the state court suit, when it charged off, how long it had been in default, what the nature was of Crown's ownership interest in the account, and what the full name was of Rausch Sturm.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray that Plaintiff take nothing in this action. Defendants further pray that they be granted their fees and costs, together with all such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Manuel H. Newburger
Manuel H. Newburger
Texas Bar No. 14946500

7

BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022 [Telephone]
(512) 279-0310 [Facsimile]
mnewburger@bn-lawyers.com

**Attorney for Defendants**

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 8th day of November, 2020, a true copy of the above and foregoing *Answer* was served on the persons on the Service List below through the Court's ECF system.

<u>/s/ Manuel H. Newburger</u>
Manuel H. Newburger

**Service List:**

Pamela A. Car
CAR, REINBRECHT LAW FIRM
2120 South 72nd Street
Suite 1125, The Omaha Tower
Omaha, NE 68124
(402) 391-8484
Fax: (402) 391-1103
Email: pacar@cox.net

William L. Reinbrecht
CAR, REINBRECHT LAW FIRM
2120 South 72nd Street
Suite 1125, The Omaha Tower
Omaha, NE 68124
(402) 391-8484
Fax: (402) 391-1103
Email: billr205@gmail.com